IN THE UNITED SATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK PARISCOFF,<br><br>   Plaintiff,<br><br> v.<br><br>COLUMBUS CITY POLICE DEPARTMENT,<br><br>   Defendant. | Case No. 2:14-cv-855<br><br>Judge George C. Smith<br><br>Magistrate Elizabeth Preston Deavers<br><br>**MOTION TO DISMISS** |

  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Columbus City Police Department (also known as the Columbus Division of Police, the Columbus Police Department, or the CPD) respectfully moves this Court for an order dismissing it as a party to this civil action. The CPD is *non sui juris* and lacks the capacity to sue or be sued. To the extent Plaintiff Mark Pariscoff has asserted claims against the City of Columbus in this civil action, Plaintiff fails to state facts sufficient to support a federal claim under 42 U.S.C. § 1983, any state-law claims would be untimely filed, and the City would be immune from liability under state-law. A supporting memorandum follows.

               Respectfully submitted,
               /s/ A.D.M. Miller
               Andrew D.M. Miller (0074515)
               Assistant City Attorneys
               City of Columbus, Department of Law
               Richard C. Pfeiffer, Jr., City Attorney
               77 North Front Street
               Columbus, Ohio 43215
               (614) 645-6947
               (614) 645-6949 (fax)
               admmiller@columbus.gov

               Attorney for Defendant CPD

## MEMORANDUM IN SUPPORT

**I.   STATEMENT OF FACT**

According to Plaintiff Mark Pariscoff, Columbus Police Officers Wendell Tolber and Hobert Justice employed unreasonable and excessive force against him on July 2, 2012. See COMPL. (ECF #2, PAGEID #61. 63). Plaintiff also alleges that Officers Tolber and Justice assisted others with the robbery of his home on that same day. See id. He further claims, though less clearly so, that Columbus Police Sergeant Gayle Kanz withheld and/or tampered with evidence and that he falsified unspecified documents. See id. (PAGEID #61). Presumably the evidence and documents referenced in the complaint were related in some way to the July 2, 2012 incident about which Plaintiff complains.

On June 23, 2014, Plaintiff commenced this civil action in the Court of Common Pleas for Franklin County, Ohio. See COMPL. (ECF #2). The only named defendant in the caption of Plaintiff's state-court complaint civil action was "City of Columbus Police Department." Id. (PAGEID #61). Nonetheless, Plaintiff requested that service be issued to the "Columbus City Police Department" via both certified mail and sheriff's personal service. See REQUESTS (ECF #1-8, PAGEID #48–49). Two summonses were issued to the "Columbus City Police Department" on June 23, 2014. See SUMMONSES (ECF #1-8, PAGEID #52–53). And, those summonses, along with copies of the complaint and exhibits attached thereto, were received by the Columbus Division of Police (also known as the Columbus Police Department or the CPD) on June 27, 2014. Thus, the CPD is the only party named as a defendant in the complaint; it is the only party for which service has been requested or issued, and it is the only party to have been served.

Plaintiff specifically alleges that his state-court civil action is a "1983 action claim against the police." See COMPL. (ECF #2, PAGEID #61). Accordingly, the CPD removed that action to this Court. See NOTICE (ECF# 1).

For purposes of this motion, and *for purposes of this motion only*, the CPD (and, where necessary, the City of Columbus itself) will assume that all of the factual allegations in Plaintiff's complaint are true.

## II. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of civil actions that fail to state claims upon which relief can be granted. Consequently, a Rule 12(b)(6) motion to dismiss is focused solely upon the complaint and upon any exhibits attached thereto. See Palmer-Donavin Manufacturing v. Rheem Sales, Case No. 2:14-cv-91, 2014 U.S. Dist. LEXIS 82993, *5 (S.D. Ohio June 18, 2014); see also FED. R. CIV. P. 10(c).

With respect to pleading, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," or a statement "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); Palmer-Donavin, 2014 U.S. Dist. LEXIS 82993, *5. In order to meet this standard, a plaintiff's complaint must contain sufficient facts that, if accepted as true, would "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Palmer-Donavin, 2014 U.S. Dist. LEXIS 82993, *5.

Several considerations can guide a court that is trying to determine whether a particular complaint meets the facial-plausibility standard:

> On one hand, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . . Further, the factual allegations of a pleading must be enough to raise a right to relief above the speculative level. . . . On the other hand, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. . . .

3

Palmer-Donavin, 2014 U.S. Dist. LEXIS 82993, *5–6 (citations, quotations, and alterations omitted). Nonetheless, when making its determination, "a court must construe the claim at issue in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party." Id. *6 (citing Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield, 552 F.3d 430, 434 (6th Cir. 2008)).

### III. LAW & ARGUMENT

#### A. THE CPD IS *NON SUI JURIS*

This Court has specifically and repeatedly held that the CPD itself is *non sui juris* and thus lacks the legal capacity to sue or be sued. See, e.g., Wright v. Columbus Police Department, Case No. 2:12-cv-614, 2013 U.S. Dist. LEXIS 172280, at *4–5 n.2 (S.D. Ohio Dec. 6, 2013); Wadsworth v. City of Columbus Police Department, Case No. 2:13-cv-485, 2013 U.S. Dist. LEXIS 160166, *2 (S.D. Ohio Nov. 8, 2013); Smith v. Columbus, Case No. 2:09-CV-95, 2010 U.S. Dist. LEXIS 83863, at *41–42 (S.D. Ohio Aug. 17, 2010); Roland v. Ohio, Case No. C2-00-316, 2002 U.S. Dist. LEXIS 13891, at *9-10 (S.D. Ohio June 11, 2002); Johari v. Columbus Police Department, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002).

Of course, "*pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." Johari, 186 F. Supp. 2d at 825 (citing Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999)). Thus, "some courts have liberally construed pro se plaintiffs' claims against city police departments as being against the city itself, rather than simply dismissing the claims . . . ." Wadsworth, 2013 U.S. Dist. LEXIS 160166, at *2 (citing examples); see also Johari, 186 F. Supp. 2d at 825. Nonetheless, other courts *have* simply dismissed claims against city police departments solely on the ground that the departments lacked the capacity to be sued. See Wadsworth, 2013 U.S. Dist. LEXIS 160166, at *2 (citing examples); see also Smith, 2010 U.S. Dist. LEXIS 83863, at *41–42. For the sake of judicial efficiency, the City of Columbus believes that liberally construing Plaintiff's claims against

4

the CPD as claims against the City itself to be the best practice. Accordingly, the remainder of this memorandum deals with Plaintiff's failure to state any claims against the City, as opposed to the CPD. Still, to the extent Plaintiff insists that he has asserted claims against the CPD that are wholly separate from claims against the City, the CPD is entitled to dismissal of any claims asserted against it because it lacks the capacity to be sued.

**B.    PLAINTIFF FAILS TO STATE ANY FEDERAL CLAIMS AGAINST THE CITY**

Plaintiff specifically states that his claims in this civil action are based on 42 U.S.C. § 1983. See Compl. (ECF #2, PageID #61). Nevertheless, a city cannot be held liable under that statute solely upon a theory that the city employed the alleged wrongdoer (i.e., a theory of *respondeat superior*). See Monell v. Department of Social Services, 436 U.S. 658, 692 (1978); Amerson v. Waterford Township, Case No. 13-1915, 2014 U.S. App. LEXIS 7191, *16 (6th Cir. April 15, 2014); Smith v. Rybek, Case No. 2:11-cv-777, 2012 U.S. Dist. LEXIS 103000, *11 (S.D. Ohio July 23, 2012).Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694; Mills v. Lapeer, 498 Fed. App'x 507, 513 (6th Cir. 2012); Arnold v. Columbus, Case No. 2:08-cv-0031, 2011 U.S. Dist. LEXIS 35807, *83 (S.D. Ohio Mar. 31, 2011). Moreover, the "Sixth Circuit has further held that random or one-time acts of a tortfeasor employed by the city do not establish *Monell* liability." Rybek, 2012 U.S. Dist. LEXIS 103000, *11 (citing Fox v. Van Oosterum, 176 F.3d 342, 348 (6th Cir. 1999)). A trial court appropriately dismisses a plaintiff's municipal-liability claims under § 1983 when that plaintiff fails to specify any policy or custom from which his alleged injuries flow or fails to allege facts showing anything more than a random, one-time occurrence of the type of conduct about which he complains. See, e.g., Carmichael v. Cleveland, Case No. 12-3657, 2014 U.S. App. LEXIS 13004, *19–20 (6th Cir. July 7, 2014) (affirming the Rule 12(b)(6)

dismissal of a municipal-liability claim under § 1983 for failure to allege operative facts to support such a claim); Brown v. Cuyahoga, 517 Fed. App'x. 431, 435–36 (6th Cir. 2013) (same); Hanner v. Dearborn Heights, 450 Fed. App'x 440, 445–46 (6th Cir. 2011) (same); Miller v. Delaware County Commissioners, Case No. 2:13-cv-501, 2014 U.S. Dist. LEXIS 13724, *21–27 (S.D. Ohio Feb. 4, 2014) (dismissing a municipal-liability claim under § 1983 for failure to pled sufficient facts); Mathis v. Department of Public Safety, Case No. 2:12-CV-363, 2013 U.S. Dist. LEXIS 45596, at * 9–10 (S.D. Ohio March 28, 2013) (same); Beamer v. Board of Crawford Township Trustees, Case No. 2:09-cv-213, 2010 U.S. Dist. LEXIS 4440, *14–15 (S.D. Ohio Jan. 20, 2010) (same).

Here, Plaintiff's complaint fails to specify any City policy or custom that purportedly caused his alleged injuries. In fact, Plaintiff never even tries to allege how the City (or the CPD for that matter) was responsible for his purported injuries. Accordingly, there can be no municipal liability against the City under 42 U.S.C. § 1983. Given the allegations of Plaintiff's complaint, the only conceivable basis for a federal claim against the City would be 42 U.S.C. § 1983. Because Plaintiff fails to state such a claim, he fails to assert any federal claims against the City.

### C.  PLAINTIFF FAILS TO STATE ANY STATE-LAW CLAIMS AGAINST THE CITY

This Court will likely decline to exercise supplemental jurisdiction over any state-law claims that Plaintiff may have asserted against the City once it has disposed of Plaintiff's would-be federal claims. See 28 U.S.C. § 1367(c). Nonetheless, the City will discuss Plaintiff's would-be state-law claims only insofar as is necessary to preserve the issue and to at least highlight their main deficiencies.

Any state-law claim that Plaintiff could conceivably assert against the City would sound exclusively in tort, and "[t]ort liability against a political subdivision can only be imposed pursuant to Chapter 2744 of the [Ohio] Revised Code." Tharp v. Montgomery Township Board of Trustees, 5th Dist. Ashland No. 97-COA-01220, 1998 Ohio App. LEXIS 6455, at *5-6; see also Butler v.

6

Jordan, 92 Ohio St. 354, 376 (2001) (Cook, J., concurring) ("The General Assembly responded to [the judicial abolition of common-law sovereign immunity] by enacting the Political Subdivision Tort Liability Act, declaring that political subdivisions would be liable in tort only as set forth in [O.]R.C. Chapter 2744."). Moreover, by its own express terms, O.R.C. Chapter 2744 applies to claims seeking damages "for injury, death, or loss to person or property allegedly caused by any act or omission . . . in connection with a governmental or proprietary function." O.R.C. §§ 2744.02(A)(1), 2744.04(A).

There can be no doubt that this is a civil action seeking damages for alleged personal injuries. See COMPL. (ECF #2, PAGEID #62) (describing Plaintiff's purported physical injuries and demanding $10 million in compensation). Similarly, there can be no doubt that the City is a political subdivision. See O.R.C. § 2744.01(F) (defining "political subdivision" to include "municipal corporations"); Kiser v. Huntley, 10th Dist. Franklin No. 95APE02-135, 1995 Ohio App. LEXIS 3518, *5 (Aug. 29, 1995) ("The city of Columbus is a 'political subdivision' as defined in [O.]R.C. 2744.01(F)."). Moreover, O.R.C. § 2744.01(C)(2)(a) includes the "provision or nonprovision of police . . . services or protection" within the definition of a governmental function, and Ohio courts have held that the operation of a police department is a governmental function under that section. See, e.g., Perry v. Liberty Township, 11th Dist. Trumbull No. 2012-T-0056, 2013 Ohio 741, ¶ 14 (March 4, 2013); Maddox v. East Cleveland, 8th Dist. Cuyahoga No. 96390, 2012 Ohio 9, ¶¶ 18–19 (Jan. 5, 2012).

In light of the foregoing, any would-be state-law claims that Plaintiff may have against the City would be governed by the statute of limitations set forth in O.R.C. § 2744.04(A) and the immunity provisions of O.R.C. § 2744.02(A)(1). Thus, Plaintiff's would-be state-law claims against the City would raise "novel or complex" issues of state law, which favors a decline of supplemental

jurisdiction over those claims by this Court once the federal claims have been dismissed. See 28 U.S.C. § 1367(c)(1), (3). In any event, any state-law claims that Plaintiff may be trying to assert here would be untimely filed under O.R.C. § 2744.04(A), and the City would also be immune to them under O.R.C. § 2744.02(A)(1).

### 1. Plaintiff's Would-Be State-Law Claims Would Be Untimely

Pursuant to O.R.C. § 2744.04(A), relevant actions against a political subdivision "shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the [Ohio] Revised Code." The conduct alleged in Plaintiff's complaint would give rise to personal-injury liability for assault, battery, and perhaps false arrest. Under Ohio law, claims for assault and battery are governed by a one-year statute of limitations. See O.R.C. § 2305.111(B). Similarly, false arrest and false imprisonment claims are governed by one-year limitations periods. See O.R.C. § 2305.11(A). Because O.R.C. §§ 2305.11(A) & 2305.111(B) provide a "applicable shorter period of time" for bringing Plaintiff's would-be state-law claims, the applicable period of time for bringing those claims is one year.

"In general, a cause of action accrues at the time the wrongful act is committed." State ex rel. East Cleveland Fire Fighters' Association v. Jenkins, 96 Ohio St. 3d 68, 71 (2002) (citing Harris v. Liston, 86 Ohio St. 3d 203, 205 (1999)); Moore v. Department of Rehabilitation & Corrections, 10th Dist. Franklin No. 10AP-732, 2011 Ohio 1607, ¶ 15 (March 31, 2011). Here, the allegedly wrongful conduct about which Plaintiff complains was committed, if at all, on July 2, 2012. See COMPL. (ECF #2, PAGEID #61, 63, 64).Thus, Plaintiff was required to assert his claims by July 2, 2013, at the latest. Because Plaintiff did not assert any claims arising out of the July 2, 2012 incident until June 23, 2014, any would-be state-law claims related to that incident is untimely.

### 2. The City Is Immune from any Would-Be State-Law Claims

Whether the City is immune from civil liability for Plaintiffs' claims in this case is "purely a question of law" that is "properly determined prior to trial . . . ." Yonkings v. Piwinski, 10th Dist. Franklin No. 11AP-07, 2011-Ohio-6232, ¶ 18 (Dec. 6, 2011) (citing Conley v. Shearer, 64 Ohio St.3d 284, 292 (1992)). Fortunately, the determination involves a well-worn and long-standing three-tiered analysis:

> The first tier requires the court to determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with either a governmental or proprietary function. . . . . Once it is determined that an entity is entitled to immunity under the first tier, the court then proceeds to the second tier of the analysis, which requires the court to determine whether any of the five exceptions to immunity enumerated in R.C. 2744.02(B) apply to expose the political subdivision to liability. . . . If the court finds applicable any of the R.C. 2744.02(B) exceptions, the political subdivision can reinstate immunity under the third tier by successfully arguing that one of the defenses to liability set forth in R.C. 2744.03 applies.

Yonkings, 2011 Ohio 6232, ¶ 18 (citations omitted). As discussed above, this is a civil action seeking damages for alleged personal injuries that were purportedly caused by acts in connection with one of the City's governmental functions. See supra at 7. Thus, the City is immune from Plaintiff's would-be state-law tort claims under the first tier of this analysis.

The second tier of the immunity analysis requires the Court to determine whether any one of the five immunity exceptions set forth in O.R.C. 2744.02 applies to Plaintiff's claims. See Yonkings, 2011 Ohio 6232, ¶ 18. As a general matter, "[O.]R.C. 2744.02(B) includes no specific exceptions for intentional torts," and "Ohio courts have consistently held political subdivisions are immune under R.C. 2744.02 from intentional tort claims." Columbus v. Sanders, 5th Dist. Delaware No. 11 CAE 05 0047, 2012 Ohio 1514, ¶ 33 (March 28, 2012). Thus, Plaintiff's would-be claims for assault, battery, false arrest, or false imprisonment do not fall within any one of the five O.R.C. § 2744.02(B)

9

exceptions. In any event, O.R.C. § 2744.02(B)(1)–(3) do not apply because Plaintiff's purported injuries were not caused by the operation of a motor vehicle, any act connected to a proprietary function, the disrepair of a public road, or an obstruction in a public road. Similarly, O.R.C. § 2744.02(B)(4) does not apply because Plaintiff's purported injuries were not sustained within or upon the grounds of any building used in connection with a governmental function. Finally, O.R.C. § 2744.02(B)(5) does not apply because civil liability for the conduct about which Plaintiff complains has not been expressly imposed upon the City by any other section of the Ohio Revised Code. Because none of the tier-two immunity exceptions of O.R.C. § 2744.02(B) applies to any state-law claims that Plaintiff may be trying to assert, the second tier of this immunity analysis concludes with the City retaining the immunity it received in the first tier.

The third tier, in which the Court determines whether the City has any additional defenses under O.R.C. § 2744.03, is not necessary here because none of the second-tier, O.R.C. § 2744.02(B) immunity exceptions apply. See Yonkings, 2011 Ohio 6232, ¶ 18. The City remains immune.

**IV. CONCLUSION**

For the reasons stated above, the CPD respectfully prays this Court for an order dismissing it from this action with prejudice.

                                              Respectfully submitted,
                                              /s/ A.D.M. Miller
                                              Andrew D.M. Miller (0074515)
                                              Assistant City Attorneys
                                              City of Columbus, Department of Law
                                              Richard C. Pfeiffer, Jr., City Attorney
                                              77 North Front Street
                                              Columbus, Ohio 43215
                                              (614) 645-6947
                                              (614) 645-6949 (fax)
                                              admmiller@columbus.gov

                                              Attorney for Defendant CPD

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing was filed manually with the Clerk of this Court on **July 17, 2014**, and a copy of the foregoing was served upon the following through the regular U.S. mail, postage prepaid:

>Mark Pariscoff
>967 Ruby Avenue
>Columbus, Ohio 43227

                                                /s/ A.D.M. Miller
                                                Andrew D.M. Miller (0074515)