# IN THE UNITED SATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MARK PARISCOFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLUMBUS CITY POLICE DEPARTMENT,<br><br>　　　　Defendant. | Case No. 2:14-cv-855<br><br>Judge George C. Smith<br><br>Magistrate Elizabeth Preston Deavers<br><br>**OPPOSITION TO<br>MOTION TO REMAND** |

　　　　On July 31, 2014, Plaintiff filed a document alternatively titled "Motion to not Dismiss case" and "Motion to not remove." See DOCUMENT (ECF #5, PAGEID # 115–22). The Clerk treated this filing as a response in opposition to the CPD's motion to dismiss. See EMAIL (EX.1, filed herewith). The CPD has done the same and filed a reply in support of dismissal separately. Nonetheless, Plaintiff's filing could also be liberally interpreted as a motion to remand the case to state court under 28 U.S.C. § 1447(c). Thus, the CPD hereby opposes such a motion as lacking any basis in law or fact.

　　　　Pursuant to 28 U.S.C. § 1447(c), a removed case must be remanded to state court if, at any time before the entry of final judgment, it appears that this Court lacks subject matter jurisdiction. In his state-court complaint, Plaintiff clearly states that he is pursuing a "1983 action claim against the police." COMPL. (ECF #2, PAGEID #61). Because Plaintiff's claims are based upon 42 U.S.C. § 1983, and because § 1983 is a law of the United States, this Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, and removal of such civil action is specifically authorized by 28 U.S.C. § 1441(a). Thus, this Court has subject matter jurisdiction over Plaintiff's civil action.

Although 28 U.S.C. § 1447(c) also gives Plaintiff the right to seek remand on the basis of any defect in the notice of removal other than a lack of subject matter jurisdiction, he has not identified any such defect that would justify a remand of this action to state court. Rather, he claims that, "[t]o remove all [his] exhibits would only help the Columbus city police department cover up the facts in this case," DOCUMENT (ECF #5, PAGEID #116), and thus demonstrates a misunderstanding of what removal actually means. Plaintiff's civil action has been removed from state-court to this Court so that this Court can decide the federal claim that Plaintiff has asserted in state-court. Plaintiff's exhibits have not been, nor will they be, "removed." They remain part of the record but still fail to help Plaintiff state a claim upon which relief may be granted. See generally MOTION (ECF #4, PAGEID #105–15); REPLY (filed Aug. 4, 2014).

To the extent Plaintiff's July 31, 2014 filing can be considered a motion to remand this civil action, and for the reasons stated above and its original notice of removal, the CPD respectfully asks this Court for an order denying such a motion.

    Respectfully submitted,
/s/ A.D.M. Miller
Andrew D.M. Miller (0074515)
Assistant City Attorneys
City of Columbus, Department of Law
Richard C. Pfeiffer, Jr., City Attorney
77 North Front Street
Columbus, Ohio 43215
(614) 645-6947
(614) 645-6949 (fax)
admmiller@columbus.gov

Attorney for Defendant CPD

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed manually with the Clerk of this Court on **August 4, 2014**, and a copy of the foregoing was served upon the following through the regular U.S. mail, postage prepaid:

>Mark Pariscoff
>967 Ruby Avenue
>Columbus, Ohio 43227

/s/ A.D.M. Miller
Andrew D.M. Miller (0074515)