UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Mark Pariscoff,**

    **Plaintiff,**

**-v-**                                       Case No. 2:14-cv-00855
                                                 JUDGE SMITH
                                                 Magistrate Judge Deavers

**Columbus City Police Department,**
**et al.,**

    **Defendants.**

**OPINION AND ORDER**

    This matter is before the Court upon the Defendants' motions to dismiss (Doc. 12) and to strike (Doc. 17). For the reasons that follow, the motion to strike is **DENIED** and the motion to dismiss is **GRANTED**.

**I. BACKGROUND**

    This is a 42 U.S.C. §1983 action brought by *pro se* Plaintiff Mark Pariscoff ("Pariscoff") against Defendants the City of Columbus Police Department ("CPD"), Officer Wendell Tolber ("Tolber"), and Officer Hobert Justice ("Justice"). Pariscoff alleges that on July 2, 2012, he was involved in an altercation at his home located at 957 Ruby Avenue in Columbus, Ohio. (Doc. 11 at 1). The altercation was with his ex-girlfriend and roommate, Belva Lieb ("Lieb"), and two men. (Doc. 2 at 3). The CPD was contacted by Eric Brumm, a friend of Pariscoff who was staying at Pariscoff's home. (*Id.*). The CPD dispatched Tolber and Justice to the scene and, when they arrived, Pariscoff alleges that he attempted to communicate to them that Lieb and the

1

two men did not live at his residence. (*Id.*). At that time, Tolber allegedly pushed Pariscoff into the screen door, and applied unnecessary force against his arm and neck. (Doc. 2 at 3; Doc. 11 at 1). Pariscoff alleges that for several minutes Tolber "held me 8 inchs [sic] off the porch with his right forarm [sic] on my neck and chest and took his left hand putting it over my mouth and chin turning my head from right to left." (Doc. 1-3 at 2). Justice allegedly failed to intervene during Tolber's use of force. (Doc. 2 at 2; Doc. 11 at 3). In Pariscoff's Amended Complaint, he suggests the officers were improperly trained by the CPD, that Tolber used excessive force against him, and that Justice wrongfully failed to stop Tolber from using excessive force.

Pariscoff initiated this action on June 23, 2014 in the Court of Common Pleas of Franklin County solely against the CPD. The CPD then removed the case to this Court, and moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 4).[1] On November 10, 2014, Pariscoff filed an Amended Complaint with the Court's permission. (Docs. 8 & 11). The Amended Complaint names Justice and Tolber as defendants in addition to the CPD. The Defendants have now moved to dismiss the amended complaint for failure to state a claim. (Doc. 12).

On December 3, 2014, Pariscoff filed an opposition to the Defendants' motion, (Doc.13), and the Defendants' filed their reply (Doc. 14). On December 11, 2014, Pariscoff filed another document titled a "motion to stop dismissal." (Doc. 16). On the same day, the Defendants filed a motion to strike the newly-filed document on the grounds that Pariscoff had not requested leave to file the document or otherwise shown good cause. While the Court recognizes the importance of adhering to its local rules, in this instance it finds no harm or prejudice in considering

---

[1] The Court deems this motion to be moot in light of the Amended Complaint and the Defendants' second motion to dismiss.

Pariscoff's additional motion as a sur-reply to the Defendants' motion to dismiss. Therefore, the Court will consider the document and the Defendants' motion to strike is **DENIED**.

## II. STANDARD OF REVIEW

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must also "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## III. DISCUSSION

The Court will discuss the merits of the Defendants' arguments below. Finding them to be well-taken, the Court grants their motion and dismisses this action.

**A. Claims Against the CPD**

Under Ohio law, the CPD is *non sui juris* and is not subject to suit as it is a subdivision of the City of Columbus. *See Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006). However, even if the CPD could be sued in its own right, the Amended Complaint would still fail to state sufficient claims against it.

The aim of 42 U.S.C. § 1983 is to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). In order to bring a successful § 1983 claim, Pariscoff must demonstrate that, "under color of state law," the Defendants' violated a right protected by the Constitution or federal laws. *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003). Generally, local governments are not liable under § 1983 for an injury caused by individual employees or agents. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122 (1992). However, a municipal entity could be liable when a policy or custom leads to a constitutional deprivation. *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

Although Pariscoff filed an Amended Complaint, he still fails to allege virtually any facts to establish that a custom or policy of the CPD caused the deprivation of his federally protected rights. He does not claim that Tolber's use of force or Justice's failure to intervene resulted from them following a custom or policy implemented by the CPD. Further, other than speculating as to whether the officers were properly trained, he makes no specific allegations concerning the CPD's training regime or policies. As such, based on the Amended Complaint's lack of

4

sufficient facts tying Pariscoff's alleged injuries to a policy or custom, the Court dismisses Pariscoff's claims against the CPD.

### B. Claims against Tolber and Justice

The Defendants contend that Pariscoff's claims against Tolber and Justice are untimely, as the Amended Complaint naming them as Defendants to this action was filed outside the applicable limitations period.  Pariscoff has failed to offer any substantive arguments in response to the Defendants' statute of limitations argument.

In Ohio, § 1983 claims must be brought within two years of their accrual.  *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (en banc).  Here, the Amended Complaint, which was filed on November 10, 2014, clearly alleges that the altercation giving rise to Pariscoff's claims against the officers occurred on July 2, 2012.  (Doc. 11 at 1).  As there is nothing to suggest that Pariscoff did not immediately become aware of his potential causes of action against the officers, his claims against them were filed outside the applicable two year period, which expired on July 2, 2014.

As such, the claims against the officers should be dismissed unless the amendment adding the officers as defendants is deemed to relate back to the original Complaint, which was filed in state court on June 23, 2014.  (Doc. 1-3).  Generally, the question of whether amendments relate back to an original pleading is governed by Rule 15(c)(1).  However, the Sixth Circuit has held that Rule 15(c) cannot be construed to allow relation back for purposes of circumventing a statute of limitations to an amendment that adds new defendants to an action.  *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) ("[T]he precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations."

(internal quotation and citation omitted)).  In effect, to allow Pariscoff's claims against the officers to go forward would do that which the Sixth Circuit has prohibited: use Rule 15(c) to add new defendants and untimely claims without regard to the statute of limitations. Accordingly, the Court finds that Pariscoff's claims against Tolber and Justice have been filed outside the requisite limitations period and should thus be dismissed.

The Court is not unmindful of Pariscoff's status as a *pro se* litigant and the additional leeway that status affords when construing his filings.  However, such leeway does not extend to all aspects of litigation:

> Although "allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), federal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

*Branham v. Micro Computer Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009).  Thus, the Court is unable to excuse Pariscoff's failure to properly name the officers as defendants and to file claims against them within the limitations period.

## IV. CONCLUSION

Based on the foregoing, the Defendants' motion to strike (Doc. 17) is **DENIED** and their motion to dismiss (Doc. 12) is **GRANTED**.  The Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Clerk is directed to remove Documents 12 and 17 from the pending motions list and enter judgment in favor of the Defendants.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**